# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joseph H. Whitney,

                              Plaintiffs,

                                                          Civ. No. 10-4296 (RHK/AJB)

v.                                                            **ORDER**

The Guys, Inc., *et al.*,

                              Defendants.

---

       This matter is before the Court *sua sponte*.

       Invoking diversity jurisdiction under 28 U.S.C. § 1332, Plaintiff Joseph Whitney commenced this contract action against several defendants, including MyBillingGuys, LLC. Whitney alleges in the Complaint that he is domiciled in Texas and that MyBillingGuys, LLC is "a Delaware limited liability company" with its principal place of business in San Jose, California. (Compl. ¶¶ 1, 4.) The remaining defendants are Delaware corporations with their principal places of business in Minnesota, North Carolina, California, and Wisconsin.

       As the party invoking the Court's jurisdiction, Whitney bears the burden of pleading facts establishing the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so required him to plead "with specificity the citizenship of the parties." Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990). He has failed to do so.

As noted above, MyBillingGuys, LLC is a limited liability company. A limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint contains no information about the citizenship of MyBillingGuys, LLC's members – indeed, no members are identified in the Complaint at all. Accordingly, the Court cannot determine from the face of the Complaint whether diversity jurisdiction exists in this case.[1]

Based on the foregoing, **IT IS ORDERED** that Whitney shall redress the deficiencies set forth above on or before November 5, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.

Date: October 22, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

---

[1] Whitney should not be heard to complain that he lacks sufficient information at this juncture to adequately allege the citizenship of MyBillingGuys, LLC's members. By commencing this action here, he was required to have a good-faith basis to invoke diversity jurisdiction. See Fed. R. Civ. P. 11. Hence, courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).