# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joseph H. Whitney,

      Plaintiff,

            Civ. No. 10-4296 (RHK/AJB)
            **ORDER**

v.

The Guys, Inc., Agora Solution Corp.,
MyBillingServices, Inc., Info Billing, Inc.,
My Teleservices, Inc., LaurenTel, Inc.,
GreenTreeData, Inc., LowCostBilling, Inc.,
YourBillingSolutions, Inc., MySuperLotto, Inc.,
MyPrizeAwards Corp., MyServiceAndSupport,
Inc., XYZ, Inc., and John R. Morrison,

      Defendants.

---

Mark J. Kallenbach, Kallenbach Law Office, Minneapolis, Minnesota, for Plaintiff.

Kevin R. Coan, Charles R. Alden, Hinshaw & Culbertson LLP, Minneapolis, Minnesota, for Defendants.

---

  This action arises out of an alleged agreement between Plaintiff Joseph H. Whitney and Defendant John R. Morrison, through which Whitney now claims they formed Defendant The Guys, Inc. ("TGI"), agreed that each would own one half of TGI's outstanding shares, and agreed that a number of other corporations would be wholly-owned subsidiaries of TGI.[1] Whitney claims he paid $150,000 for his ownership interest in TGI and the other corporations and made an additional $25,000 capital contribution to one of the corporate Defendants. He now claims that Defendants have refused to

---

[1] It appears that some of the other corporate entities were already in existence at the time, while others were not yet incorporated.

acknowledge his ownership and denied him numerous shareholder rights. The matter is now before the Court on Defendants' Motion to Dismiss all of the claims.[2]

As discussed on the record at the April 4, 2011, hearing on this Motion, the case has been poorly pled. In essence, it appears to be a business relationship gone bad. Whitney is unsure whether he ever owned shares of TGI or the other companies, and his uncertainty has led him to alternatively plead numerous claims—some of which he admits will become moot if he actually did own the shares. At this juncture, the Court cannot simply apply Delaware law to the entire action and dismiss it based on the statute of limitations as Defendants urge. Instead, resolving the Motion demands a complex choice-of-law analysis and scrutiny of each individual claim. The Court's initial review of the Motion suggests that at least some claims may survive. Continuing to litigate the matter will undoubtedly prove costly and time-consuming.

Based on the foregoing, and all the files, records, and proceedings herein, before the Court proceeds to resolve this Motion (and perhaps order even further additional briefing from the parties), **IT IS ORDERED** that the matter is **REFERRED** to United States Magistrate Judge Arthur J. Boylan for a settlement conference, at such time and place, and upon such conditions as Judge Boylan directs.

Dated: April 5, 2011               s/Richard H. Kyle
                                   RICHARD H. KYLE
                                   United States District Judge

---

[2] Whitney's ten claims are: (1) declaratory judgment that he owns 50% of TGI and the other Corporate Defendants and derivative entities; (2) breach of contract; (3) promissory estoppel; (4) unjust enrichment; (5) fraud; (6) misrepresentation; (7) an accounting; (8) liquidation arising from breach of shareholder's rights; (9) breach of fiduciary duty; and (10) conversion.